UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-11029-CAS-PDx | Date | July 6, 2022 |
|---|---|---|---|
| Title | Michael Timothy Duran v. City of West Covina et al | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** (IN CHAMBERS) - EX PARTE APPLICATION OF LAWRENCE D. MARKS AND GARO MARDIROSSIAN TO WITHDRAW AS ATTORNEYS FOR PLAINTIFF MICHAEL TIMOTHY DURAN (Dkt. 29, filed on June 30, 2022)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On December 4, 2020, plaintiff Michael Timothy Duran filed this action against defendants City of West Covina, West Covina Police Department ("WCPD"), Ian Paparro, Chris Quezada, Chief of Police Richard Bell, and Does 1 through 40.[1] Dkt. 1 ("Compl."). Plaintiff's complaint brings the following claims for relief: (1) excessive force, in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (2) denial of medical care, in violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (3) municipal liability for unconstitutional custom, practice, or policy, in violation of the First, Fourth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (4) battery, pursuant to Cal. Gov't Code §§ 815.2, 830; (5) negligence, pursuant to Cal. Gov't Code §§ 815.2, 830; and (6) violation of civil rights, pursuant to Cal. Civ. Code § 52.1(c). Id. ¶¶ 26-89.

Plaintiff's complaint alleges that, on November 7, 2019, he was shot several times by defendants Paparro and Quezada, who were police officers employed by defendant

---

[1] On June 30, 2021, the Court dismissed Does 11-40 pursuant to L.R. 19-1. See Dkt. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-11029-CAS-PDx | Date | July 6, 2022 |
|---|---|---|---|
| Title | Michael Timothy Duran v. City of West Covina et al | | |

City of West Covina. Id. ¶¶ 3, 7. Plaintiff alleges that the shooting was an unjustified and unreasonable use of force, and that defendants Paparro and Quezada failed to timely summon medical assistance for plaintiff. Id. ¶¶ 27, 38. Plaintiff further alleges that defendants City of West Covina, WCPD, and Bell ratified policies, procedures, customs, and practices which permitted and encouraged police officers to violate the First, Fourth, and Fourteenth Amendments. Id. ¶ 47.

On March 22, 2021, defendants filed their answer to plaintiff's complaint. Dkt. 16.

On June 4, 2021, the parties stipulated to a stay of this action for six months to permit the resolution of the Los Angeles County District Attorney's criminal investigation into the incident that forms the basis of this lawsuit, as well as to permit time for the resolution of the criminal action pending against plaintiff, which also stems from the events which are the subject of this litigation. Dkt. 19. On June 7, 2022, the Court entered the parties' stipulation regarding the six-month stay. Dkt. 20.

On January 10, 2022, the Court held a scheduling conference and stayed the case an additional six months, through July 9, 2022. Dkt. 25.

On June 30, 2022, Mardirossian & Associates, Inc. ("M&A") filed the instant ex parte application for withdrawal as counsel for plaintiff. Dkt. 29 ("Mot."). In their notice of motion, M&A stated that defendants do not oppose the motion. Id. at 2. Defendants have not filed any opposition.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. C.D. Cal. L.R. 83-2.3.2. A motion for leave to withdraw "must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id. When an attorney requests "leave to withdraw from representation of an organization of any kind," the attorney "must give written notice to the organization of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4. A motion for leave to withdraw "must be supported by good cause." C.D. Cal. L.R. 83-2.3.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-11029-CAS-PDx | Date | July 6, 2022 |
|---|---|---|---|
| Title | Michael Timothy Duran v. City of West Covina et al | | |

Withdrawal is governed by the California Rules of Professional Conduct ("CRPC"). See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008). Rule 1.16(b) sets forth several grounds under which an attorney may request permission to withdraw, including when the client "renders it unreasonably difficult for the lawyer to carry out the employment effectively," when the client "knowingly and freely assents to termination of the employment," or if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 1.16(b).

"[I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-CV-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (collecting cases). "Ultimately, the court's ruling must involve a balancing of the equities." Id. "The decision to grant or deny a motion to withdraw is within the Court's discretion." Travelers Cas. & Sur. Co. of Am. v. Dunmore, No. 2:07-CV-02493-TLN-DB, 2021 WL 4263343, at *2 (E.D. Cal. Sept. 20, 2021) (citing United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

### III.   DISCUSSION

M&A contends that it has become "unreasonably difficult to carry out representation [of plaintiff] effectively" because of "irreconcilable differences," and because of the "deteriorat[ion]" of the "trust, confidence, and communication essential to the attorney-client relationship." Mot. at 5. M&A contends that its application to withdraw as counsel for plaintiff is supported by good cause in that:

> "[O]n or about June 13, 2022, Plaintiff Michael Duran was convicted of 2 felony counts, each involving assault with a deadly weapon upon a police officer. These convictions were in association with the incident that forms the basis for this lawsuit. As a result of these convictions, and for other reasons, Counsel feels compelled to withdraw. Plaintiff's counsel is concerned that the Claims set forth in this action are either not warranted under existing law or cannot be supported by good faith argument based on the available evidence. As a result, Plaintiff's counsel believes that it is unreasonably difficult for Plaintiff's counsel to carry out representation."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-11029-CAS-PDx | Date | July 6, 2022 |
|---|---|---|---|
| Title | Michael Timothy Duran v. City of West Covina et al | | |

Id. at 6. M&A adds that "they have irreconcilable differences [with plaintiff] and cannot amicably carry on the attorney-client relationship," that communication with Plaintiff has been unreasonably difficult, and that "[i]n order to avoid prejudicing Plaintiff's rights and exposing confidential attorney-client communication, counsel cannot be more specific in Plaintiff's counsel's reasons for this requested withdrawal." Id. at 6-7. However, M&A adds that they "could provide such details in camera if necessary." Id. at 7.

The Court finds that there is good cause to grant M&A's motion to withdraw as counsel. As outlined in M&A's motion, there appears to have been a breakdown in trust, confidence, and communication between plaintiff and M&A. Additionally, withdrawal is unlikely to delay the resolution of this case. Moreover, it does not appear that M&A's withdrawal will prejudice the other parties. Finally, M&A has given notice to plaintiff, and plaintiff does not appear to oppose M&A's motion to withdraw. See Dkt. 29-1, ¶¶ 6, 9. Accordingly, the Court finds that granting M&A's motion to withdraw as counsel is appropriate.

### IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the ex parte application of Lawrence D. Marks and Garo Mardirossian to withdraw as attorneys for plaintiff Michael Timothy Duran.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |